IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN L. MERRITTE, #R53322, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 11-CV-0871-MJR |
| ) | |
| NURSE STEPHANIE INGRAM, NURSE ) | |
| JANE DOE, MEDICAL ADMINISTRATOR ) | |
| JANE DOE, WARDEN BRAD ROBERT ) | |
| and DIRECTOR S. A. GODINEZ, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Calvin Merritte, an inmate currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At all times relevant to this action, Plaintiff was housed at Centralia Correctional Center.

Plaintiff's factual allegations are as follows. Plaintiff, who suffers from asthma, was issued an inhaler by a physician at Lawrence. When he was transferred to Centralia, around June 17, 2009, his inhaler was confiscated because he could not have it on the transfer bus. Approximately two months later, first on August 12 and again on August 18, Plaintiff had asthma attacks. On both occasions, he was escorted to the healthcare unit where he requested an inhaler from Nurses Jane Doe (August 12) and Stephanie Ingram (August 18). Jane Doe and Ingram refused to provide him with an inhaler without a doctor's order. Furthermore, Ingram falsified his medical records and, when Plaintiff told her that he was going to file a grievance

1

against her, retaliated against him by writing a false disciplinary report. Plaintiff filed an emergency grievance on August 18, but Warden Brad Robert deemed the situation not an emergency and returned the grievance to Plaintiff with instructions to file his grievance in the normal manner. Medical Administrator Jane Doe created a policy under which Plaintiff's constitutional rights were violated, and she failed to remedy the wrong done to Plaintiff. Defendant Godinez failed to remedy the wrong done to Plaintiff and allowed a policy to continue that violated Plaintiff's rights. Lastly, Ingram's conduct constituted intentional infliction of emotional distress. An inhaler was ordered for Plaintiff on August 21 and issued to him on August 25.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Although the Court considers it a close call, Plaintiff has articulated a colorable Eighth Amendment claim for deliberate indifference to a serious medical need against Nurse Jane Doe and Stephanie Ingram (Count 1). **Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828-29 (7th Cir. 2009) (Deliberate indifference "includes intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment.")**. Plaintiff is entitled to an opportunity to explore whether Jane Doe and Ingram complied with protocol and whether an inhaler could have been provided based on Plaintiff's medical records.

As to Plaintiff's claim that Ingram retaliated against him because he threatened to file a grievance, his complaint easily satisfies notice-pleading standards, in that it sufficiently alleges "the facts that would apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response" (Count 2). **Doyle v. Pasquino, 207 Fed.Appx. 713, 714, (7th Cir. 2006),** *citing* Walker v. Thompson, **288 F.3d 1005, 1012 (7th Cir. 2002) ("a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning**

**the retaliation and the acts constituting the retaliatory conduct.") (additional citation omitted);** *see also Olmsted v. Sherman* **2008 WL 4104006, at \*4 (W.D.Wis. 2008) (plaintiff stated a claim for retaliation where corrections officer retaliated against him for threatening to file or filing grievances against him).**

Plaintiff's claims against Medical Administrator Jane Doe and S.A. Godinez must be dismissed as frivolous. Plaintiff's claims against them are for their roles as policy-makers. Doe and Godinez cannot be held liable on the basis of *respondeat superior*, or supervisory liability, under § 1983. Plaintiff does not allege that Doe and Godinez were "personally responsible" for the alleged violations of his constitutional rights. ***See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001)**.

Plaintiff's claim that Robert rejected his emergency grievance and told him file it through normal channels must be dismissed as frivolous. It is well established that "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause.…" ***Owens v. Hinsley,* 635 F.3d 950, 953-54 (7th Cir. 2011)**. As a result, Robert's alleged mishandling of Plaintiff's emergency grievance, where Robert "did not cause or participate in the underlying conduct states no claim." *Id.* **(citations omitted).** The Court also notes that Plaintiff was not harmed by using regular grievance procedures since he does not allege that he suffered another asthma attack before an inhaler was issued to him on August 25.

Lastly, Plaintiff alleges intentional infliction of emotion distress against Ingram (Count 3). Plaintiff states that Ingram denied and delayed his prescribed medication while he was suffering an asthma attack in order to inflict severe emotional distress - as well as falsifying the records to show treatment where "plaintiff was never provided with any treatment at all."

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." **42 U.S.C. § 1997e(e).**  Asthma is a serious condition that requires medical attention, and failure or refusal to treat it may constitute physical injury.  Accordingly, Plaintiff has met the pleading requirements to seek damages for emotional injury on his Eighth Amendment claim that Ingram denied him treatment for his asthma and he sustained physical injury thereby.

**Disposition**

In summary, Defendants Medical Administrator Jane Doe, S.A. Godinez and Warden Brad Robert are **DISMISSED** from this action with prejudice.  The action proceeds against Defendants Stephanie Ingram and Nurse Jane Doe on Plaintiff's claim of deliberate indifference to serious medical needs (Count 1); against Defendant Ingram on Plaintiff's claim that she retaliated against him for threatening to file a grievance (Count 2); and against Defendant Ingram on Plaintiff's claim for intentional infliction of emotional distress (Count 3).

The Clerk of Court shall prepare for Defendant Ingram:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service will not be made on Nurse Jane Doe until such time as Plaintiff has identified her by name in a properly-filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information will be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address will be retained only by the Clerk. Address information will not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pretrial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: August 16, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge