IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALVIN L. MERRITTE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11−cv−0871−SCW |
| | ) | |
| STEPHANIE INGRAM, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILLIAMS, Magistrate Judge:**

Pro se Plaintiff Calvin Merritte brought this § 1983 suit alleging that Ingram and Baggett, nurses at Centralia Correctional Center, were deliberately indifferent to his serious medical needs, and that Ingram retaliated against him for threatening to file a grievance against her.  (Doc. 15). Plaintiff orally moved to dismiss Baggett on the first day of trial, which the Court granted. (Docs. 202-203).  The claims against Ingram were tried on November 17-19, and the jury returned a verdict in her favor on both counts. (Doc. 209).  After the verdict was returned, Plaintiff orally moved for a new trial.  (Doc. 206).  The Motion was denied from the bench.  (Doc. 208).  This matter is now before the Court on several Motions.

Plaintiff renewed his Motion for Judgment as a Matter of Law and also filed a Motion for a New Trial on December 16, 2014 pursuant to Rules 50 and 59.  (Doc. 214).  Defendant asked for an extension of time to respond to that motion, which the Court granted.  (Doc. 216).  Prior to the response being filed, Plaintiff re-filed an exact copy of his Combined Motion for Judgment as a Matter of Law.  (Doc. 218).  Plaintiff gave no reason for this duplicative filing.   In a text order on February 9, 2015, the Court alluded to the fact that Plaintiff had filed post-trial motions.  (Doc. 220). Defendant continued to ask for extensions of time to respond to Plaintiff's Motions.  At one point

1

Defendant was granted an extension until March 25, 2015.  (Doc. 226).  Before that time could come, Plaintiff filed a Supplemental Motion for a New Trial pursuant to Rule 59.  (Doc. 228). Defendant then moved for yet another extension of time to file a response and was granted an extension to respond to all three pending motions.  (Doc. 230).  Defendant then filed a response on May 13, 2015.  (Doc. 231).  On June 26, 2015, Plaintiff filed a Motion for Leave to File an Amended Complaint After Trial.  (Doc. 234).  Defendant never filed a response to that motion.  On July 6, 2015, Plaintiff filed another post-trial motion pursuant to Federal Rules of Civil Procedure 50, 59, and 60(b).  Defendant did not file a response.  Plaintiff then filed a "Request for Judicial Notice of Adjudicative Facts, relating to his Motion at 235.  (Doc. 236).  Defendant filed no response.  Finally, on August 3, 2015, Plaintiff filed a Motion requesting injunctive relief.  As an initial matter, Plaintiff's "Request for Notice of Judicial Adjudicative Facts," requests that the Court look at the facts present on the record of this case, and that it set these motions for hearing.  That Motion is **GRANTED in part and DENIED in part**.  (Doc. 236).  While the Court will (and always does) refer to the facts in the record when making its adjudication, a hearing is not necessary at this time.

## POST-TRIAL MOTIONS

As noted by Defendant, Plaintiff's post-trial motion at Doc. 218 is identical to the one at Doc. 214, except that it contains page 6, which was not included at Doc. 214.  Since it is clear that Plaintiff intended to correct this mistake in Doc. 214, the Court will find that Doc. 214 is **MOOT**, and consider only Doc. 218.  As Doc. 218 is a correction, the Court will consider it filed on December 16, 2014, the date of the filing of the incomplete motion at Doc. 214.  However, with the exception of Doc. 218, some of Plaintiff's other motions raise the issue of timeliness.  Pursuant to Fed. R. Civ. 50 and 59(e), a motion for judgment as a matter of law or new trial, or a motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment. Additionally,

Rule 6 specifically prohibits a court from extending the time to act under Rule 50(b) and Rule 59(b).

**Fed. R. Civ. P. 6(b)(2)**; *see also Bailey v. Sharp*, **782 F.2d 1366 (7th Cir. 1986)**.

Here, Plaintiff's Supplemental Motion for New Trial was filed on March 9, 2015.  (Doc. 228).  This is more than 110 day after the judgment was entered in this case.  Plaintiff's motion is unequivocal that it is made pursuant to Rule 59 and cites no other rule.  Therefore, Plaintiff's Supplemental Motion for New Trial is untimely and will be **DENIED**.  (Doc. 228).  On July 6, 2015, Plaintiff filed a "Combined Rule 50, 59, and 60(b) Motion.  (Doc. 235).  Because that Motion was filed more than 7 months past the entry of judgment, the Court will only consider the parts of the Motion that address Rule 60(b).  To the extent that the motion raises claims pursuant to Rule 50 or 59, it is untimely and **DENIED**.  (Doc. 235).

**1.  Plaintiff's Claims that he is entitled to judgment as a matter of law on his deliberate indifference and retaliation claims against Ingram. (Doc. 218)**

Plaintiff argues that he is entitled to judgment as a matter of law on his claims for deliberate indifference and retaliation against Defendant.  Fed. R. Civ. P. 50 permits a party who has lost a motion for judgment as a matter of law during trial to re-raise the issue within 28 days after the entry of judgment.  The Motion should be granted where the evidence is not legally sufficient for a reasonable jury to return a verdict.  **Fed. R. Civ. P. 50**.  The Court must "construe the evidence strictly in favor of the party who prevailed before the jury and examine[] the evidence only to determine whether the jury's verdict could reasonably be based on that evidence.  *Passananti v. Cook County*, **689 F.3d 655 (7th Cir. 2012)**.  Like summary judgment, a court must not make credibility determinations or re-weigh the evidence.  *Id.* The Court must further "disregard all evidence favorable to the moving party that the jury [was] not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, **530 U.S. 133, 150-51 (2000)**.

**a.  Deliberate Indifference**

Prison officials can manifest deliberate indifference, a violation of the Eighth Amendment's proscription on cruel and unusual punishment, to an inmate's serious medical needs by intentionally delaying access to necessary treatment. *Estelle v. Gamble*, **429 U.S. 97, 104 (1976)**. To prevail, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster*, **658 F.3d 742, 750 (7th Cir. 2011).** The first prong is whether the prisoner has shown he has an objectively serious medical need. *Arnett*, **658 F.3d at 750.** *Accord Greeno*, **414 F.3d at 653.** A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, **593 F.3d 610, 620 (7th Cir. 2010).** *Accord Farmer v. Brennan*, **511 U.S. 825, 828 (1994) (violating the *Eighth Amendment* requires "deliberate indifference to a *substantial* risk of *serious* harm.") (internal quotation marks omitted) (emphasis added).** Only if the objective prong is satisfied is it necessary to analyze the second, subjective prong, which focuses on whether a defendant's state of mind was sufficiently culpable. *Greeno v. Daley*, **414 F.3d 645, 652–53 (7th Cir. 2005).**

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *Greeno*, **414 F.3d at 653.** The plaintiff need not show the defendant literally ignored his complaint, just that the defendant was aware of the serious medical condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, **546 F.3d 516, 524 (7th Cir. 2008).** Deliberate indifference is not negligence; rather it is more akin to intentional wrongdoing. *McGee v. Adams*, **721 F.3d 474, 480 (7th Cir. 2013) (citing *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006)).** The standard is criminal recklessness, and even gross negligence will not meet this standard. *Id.* **at 481**. A non-trivial delay in treating painful conditions can state a claim, even if the delay had no effect on the underlying condition. *Berry v. Peterman*, **604 F.3d 435, 441 (7th Cir. 2010)**.

Plaintiff argues that he was entitled to judgment as a matter of law at the close of his case because there were no real factual issues to go to the jury. Plaintiff argues that he suffered an asthma attack from 6:45 pm until 8:00 pm on August 18, 2009 and that Ingram did not present any evidence that he did not have an asthma attack. Plaintiff is mistaken that the lack of evidence on this point on Ingram's behalf requires a jury to find that he did suffer an asthma attack during that time period. The jury, unlike the Court on summary judgment, is entitled to make credibility determinations and could have found that Plaintiff's testimony on this point was not credible. The jury could have also inferred from Ingram's testimony that Ingram did not know that Plaintiff was having an asthma attack at 8pm. She testified at trial that the guard called to check on Plaintiff's *prescription* for an asthma inhaler and that she checked his file and found that he did not have one. (Doc. 241, p. 26-27). At this stage in the proceedings, the Court is required to draw all credibility inferences in favor of the jury's verdict. Plaintiff may believe that Ingram's testimony is not sincere, but that is not relevant here. As there is sufficient evidence in the record to support an inference that Ingram lacked subjective knowledge or that Plaintiff did not suffer from a serious medical need, Plaintiff is not entitled to a judgment as a matter of law on this point.

### b.      Retaliation

An inmate has a constitutional right to file a grievance as part of his right of access to the courts. **DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000)**. Retaliatory official action violates the Constitution, even if the officer would be otherwise authorized to take that action in the absence of a retaliatory motive. **Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000)**. In a First Amendment case, the burden of proof is split between the parties. **Mays v. Springborn, 719 F.3d 631, 634 (7th Cir. 2013) citing Mt. Healthy Board of Education v. Doyle, 429 U.S. 274 (1977)**. First, Plaintiff must show that defendant's conduct was sufficient to cause the injury. **Id.** The burden then shifts to Defendant to rebut by showing that the harm would have occurred regardless.

*Id.* The inquiry is a question of fact.  ***Ustrak v. Fairman*, 781 F.2d 573, 578 (7th Cir. 1986).** Evidence that shows that a prisoner did not violate the regulation can show retaliation.  ***Hale v. Scott*, 371 F.3d 917, 920 (7th Cir. 2004)**.

Here, Ingram testified at trial that she wrote Plaintiff a disciplinary ticket because he had not put in a sick call slip, as she had instructed him to do earlier, and because she believed that he had lied about having symptoms of an asthma attack.  (Doc. 241, p. 41-42).  She further testified that she was not aware that Plaintiff had filed any grievances on her, and did not see any of Plaintiff's grievances until he filed this lawsuit.  (Doc. 241, p. 43).  She also testified that she did not care if Plaintiff filed grievances on her.  (Doc. 241, p. 43).  The jury could have inferred from this testimony that Ingram would have written a disciplinary report on Plaintiff regardless of whether he threatened to file a grievance on her.  It is not for the Court to weigh the credibility of Ingram's testimony; it must defer to the jury verdict.  The Court finds that there is adequate evidence in the record for Ingram to have rebutted the presumption that she wrote Plaintiff a disciplinary ticket in retaliation for filing grievances.

### 2.  Plaintiff's arguments pursuant to Rule 59 (Doc. 218)

Plaintiff, a lay person, does not specify whether he is bringing his Motion pursuant to Rule 59(a) or Rule 59(e), so the Court will briefly elucidate both standards.  Rule 59(a) provides that a Court "may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has been heretofore been granted in an action at law in federal court." **Fed. R. Civ. P. 59(a)(1)(A)**.  A Motion to Alter or Amend judgment may not advance theories or arguments that could have been made before the district court entered judgment against a party. ***Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir. 1995)**.  It also cannot seek to introduce evidence that was available at the time judgment was entered.  ***King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994)**.  A party will not be granted a new trial where the jury verdict has reasonable

support in the record.  ***Carter v. Chicago Police Officers*, 165 F.3d 1071, 79 (7th Cir. 1998)**.  To satisfy the "manifest weight of the evidence" standard, a party must show that no rational jury could have entered judgment against him.  ***King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)**.  "'[M]anifest error' is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."  ***Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted)**.

A Motion under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  ***FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)**.  Essentially, the purpose of Rule 59(e) is to give the district court the opportunity to correct its own errors prior to burdening the appellate court.  ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)**.  The district court has complete discretion when deciding a Rule 59(e) motion.  ***Souter v. Int'l Union, United Auto., Aerospace & Agric. Implement Works Of Am., Local 72*, 993 F.2d 595, 599 (7th Cir. 1993)**.  Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact.  ***Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001)**.

Plaintiff first argues that he was not permitted to litigate his claims against Director S.A. Godinez and Health Professionals Limited ("HPL").  As these claims were not presented a trial, the Court presumes that Plaintiff means to make this argument pursuant to Rule 59(e).  Defendant Godinez was dismissed with prejudice pursuant to the threshold order on August 16, 2012 for failure to state a claim.  (Doc. 24).  Plaintiff argues that in his original complaint, he used the word "protocols" which should have put the Court on notice that he was attempting to state a Monell claim against Godinez.  But Plaintiff's Amended Complaint, which was controlling at the time of

Godinez's dismissal, lists Godinez as a Defendant "responsible for determining decisions on inmate grievances appealing the Chief Administrative Officer's decisions . . ." (Doc. 15).  The allegations against Godinez are that he "deemed Plaintiff's grievance moot failing to remedy the wrong, allowing such a policy to continue, he was grossly negligent in that he allowed such a policy or custom to continue, was grossly negligent in that he did not adequately train or supervise subordinates who violated plaintiffs [sic] rights."  (Doc. 15).  However, the Amended Complaint identifies that policy and custom that Plaintiff complains of as "The doctor has to order [the] inhaler."  (Doc. 15).  The Amended Complaint also alleges that the medical administrator promulgated the policy.  (Doc. 15).  Based on the allegations in the Amended Complaint, the Court does not find any legal error in construing Plaintiff's claims against Godinez as supervisory in nature.  The policy Plaintiff pointed to in that Complaint is not unconstitutional and states no claim.  Plaintiff also laid blame for creating the policy at another Defendant's feet.

Further, although Plaintiff attempted to amend his Complaint to add Godinez in the fall of 2013, the Court denied that motion because it found that 1) it was not clear whether Plaintiff intended to sue Godinez in his official or individual capacity; 2) because Plaintiff sought only monetary damages, Godinez was immune from suit in his official capacity; 3) Plaintiff was not specific enough in his Amended Complaint to sue Godinez in his individual capacity.  (Doc. 95).  The Court finds no error of law or new facts that justify reconsidering its initial ruling on Godinez's dismissal or its subsequent ruling on Plaintiff's amended complaint.

The Court dismissed HPL on July 30, 2014 on statute of limitations grounds.  (Doc. 160).  Plaintiff appears to be arguing that his amended complaint naming them "related back" to the original Complaint, which used the word "protocols."  The Court discussed this argument in depth in its July 30, 2014 order addressing HPL's Motion to Dismiss.  (Doc. 160).  Plaintiff does not explain why the Court's prior ruling was legally incorrect; he merely re-states his previously rejected

argument that the use of the word "protocols" in the original complaint was sufficient to satisfy the "relation back" doctrine. This is not sufficient on a Rule 59(e) motion. Plaintiff cannot just re-state his old argument; he must identify a mistake of law or fact. Having not done so here, the Court rejects Plaintiff's arguments on this point.

Turning now to trial-related issues, Plaintiff next argues that the Medical Administration Report ("MAR") was inadmissible hearsay. The Court notes that Plaintiff proceeded at trial with counsel. Counsel did not file a motion in limine to keep out the MAR. Plaintiff's counsel did not object when Defense counsel questioned Plaintiff on the MAR. (Doc. 242, p. 79). Plaintiff's counsel did not object when that exhibit was entered into evidence. (Doc. 241, p. 96-97). Therefore the issue has been waived.

Plaintiff also makes a brief argument that the 8:30 pm examination conducted by Ingram was so rough as to constitute a battery. That claim has never been present in this case, (Doc. 96) and Plaintiff cannot make arguments based on it now.

Plaintiff also makes several frivolous arguments that certain jury instructions were improper. Specifically, Plaintiff argues that there should have been a missing evidence instruction because the nurse sick call slips that he allegedly submitted were not in the medical records. Plaintiff did not submit such an instruction at trial, see Doc. 233-1, and the issue is waived. Plaintiff further argues that there should have been a missing witness instruction because the medical staff that prepared Plaintiff's transfer paperwork were not present at trial, but Plaintiff did not submit an instruction on this point either, and the issue is now waived. Plaintiff next argues that the deliberate indifference instruction should not have contained the words "risk of." Plaintiff submitted that language and argued to the Court that it should be included, so the issue is waived. (Doc. 243, p. 107) (Doc. 233-1, p. 19). The Court rejects Plaintiff's assertion that the inclusion of that language is so extreme an error as to require reversal despite the waiver, as Plaintiff does nothing more than make this

conclusory allegation.  Plaintiff next argues that the Court should have given the jury a special verdict about the issues present in the case, but Plaintiff submitted no such questionnaire or special verdict director and the issue is waived.  Plaintiff also argues that there should have been an instruction explaining deliberate indifference, but Plaintiff submitted an instruction, No. 19 on deliberate indifference.  (Doc. 233-1).  The Court gave that instruction with modifications.  (Doc. 243, p. 104-110).  Plaintiff did not substantively object to those modifications, so the issue is waived.  Finally, Plaintiff argues that the retaliation instruction should have included "all of Ingram's actions in response to [Plaintiff's] statements that he would file a grievance."  (Doc. 218, p. 17).  The Court is not clear what actions Plaintiff is referring to here as it does not understand that Ingram did anything beyond writing Plaintiff a disciplinary ticket.  Plaintiff also failed to submit an instruction structured that way, so the issue is waived.

Plaintiff also alleges that Ingram should not have been permitted to argue that she was not deliberately indifferent at the 8:30 pm medical visit because that was barred by the Court's prior ruling on summary judgment and confused the issues for the jury.  Plaintiff did not object on that basis during Ingram's testimony, so the issue is waived.

Plaintiff next argues that he should have been permitted to testify that Loera, a correctional officer, told Ingram that he was having an asthma attack on the day in question.  This issue was the subject of a motion in limine.  (Doc. 181, #4).  The Court specifically found that Loera's statements to Plaintiff regarding what Ingram may have told Loera were inadmissible hearsay and did not fall within the exception to the hearsay rule described in Fed. R. Evid. 803(4).  Plaintiff testified at trial that he sat outside of the bubble, an office for the guards, while the guard was on the phone and did not hear the phone conversation.  (Doc. 242, p. 41-42).  Plaintiff did not try to introduce evidence of what Loera said to him at trial or make an offer of proof.  By failing to renew his objection at trial,

the issue is waived.  Even if it was not, Plaintiff has not articulated an error of law or fact in the Court's initial ruling on this point

Plaintiff argues that the hearsay could have been admissible pursuant to Fed. R. Evid. 801(d)(2), as an admission "by a person whom the party authorized to make a statement on the subject."  There is no evidence that Ingram ever authorized Loera to speak on her behalf or that Loera served as a spokesperson for the prison, therefore this exception is inapplicable.  Plaintiff also argues that the statement is not hearsay because he does not want it admitted for the truth of the matter asserted, but to show Ingram's state of mind pursuant to Fed. R. Evid. 803(3).  Plaintiff is incorrect.  He wants to introduce Loera's statement that Loera told Ingram that Plaintiff had an asthma attack.  This statement shows nothing about Ingram's state of mind because it is Loera's statement to her that is at issue here.  Plaintiff also argues that Loera's statements are against his own interest because they opened Loera up to liability, but that is not relevant here, where Loera is not a party.  Plaintiff was further not prejudiced by the exclusion because he was permitted to cross-examine Ingram on what Loera told her and Loera was available to him as a witness.  The Court finds no error in excluding Plaintiff's statements regarding Loera's phone call with Ingram.

Plaintiff next argues that defense counsel acted inappropriately by leading the witnesses and eliciting perjured testimony for multiple witnesses.  In cases where a party has alleged perjury, the decision to grant a new trial is within the judge's discretion.  **Antevski v. Volkswagenwerk Aktiengesellschaft, 4 F.3d 537, 341 (7th Cir. 1993)**.  In exercising their discretion, other district courts have applied the fraud standard under Rule 60(b)(3), and found that a plaintiff must show that he maintained a meritorious claim at trial and that the alleged perjury prevented a full and fair presentation of the case. **White v. Anthology, Inc., No. 08 C 1371, 2009 WL 4215096 (N.D. Ill. Nov. 16, 2009) citing Lonsdorf v. Seefeldt, 47 F.3d 893, 897 (7th Cir. 1995)**.

Although Plaintiff has identified several statements that he disagrees with, he has not submitted evidence, like affidavits or policies, that the testimony was fraudulent.  Further, Plaintiff has not argued that the alleged perjury prevented a full and fair presentation of the case.  Without some sort of evidence that the allegedly perjured testimony was not true, the Court will not grant a new trial.  Mere allegations are insufficient.  As to Plaintiff's argument that Defense counsel asked leading questions, Plaintiff's counsel made objections which were sustained as to some of those questions and Defense counsel re-phrased the questions at issue.  Plaintiff never submitted a curative jury instruction or argued that one was necessary at trial.  Therefore, this issue is waived.  Plaintiff is not entitled to a new trial because Defense counsel was partisan; that is his job.

In conclusion, the Court finds that Plaintiff's allegations of error were largely never raised at trial and therefore waived.  It also finds that Plaintiff has not met his burden of demonstrating that the cumulative effect of the errors was such that the trial was fundamentally unfair.  Nor has Plaintiff pointed out any errors of law or newly discovered evidence.  Therefore, Plaintiff is not entitled to the relief he seeks under Rule 50 or 59.

**3.      Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 234)**

On June 26, 2015, Plaintiff filed a Motion for Leave to File an Amended Complaint.  (Doc. 234).  Defendant has never filed a response to this motion, and it is ripe for disposition.   Courts "should freely give leave [to file amended pleadings] when justice so requires." **FED. R. CIV. P. 15(a)(2).  *See also Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) ("Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings.").** Courts may deny leave to amend for reasons of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment." ***Liu v. T & H Machine*, 191 F.3d 790, 794 (7th Cir. 1999)**.

Plaintiff filed this Motion to Amend more than eight months after a jury of his peers found in favor of the defendant. The Court has never seen a more untimely motion to amend. Granting this motion would not just unduly delay this case; it would force the Court to completely start over. Plaintiff seeks to name parties, including Godinez, Wexford, and HPL, that were previously dismissed. Plaintiff has not articulated any reason why he was unable to name the parties before now, other than a vague assertion that he "just discovered" certain policies. Those Defendants were dismissed out of this case, and granting Plaintiff leave to amend now would be unduly prejudicial to them because they have not participated in the discovery, briefing, or trial of this case. Plaintiff also does not address the previous dismissals in any way or allege that his amended complaint would cure deficiencies specifically identified by the Court. Additionally, Plaintiff's Complaint is so vague as to be futile. It does not reference any specific dates or times. It does not describe any acute incidents where Plaintiff was denied care, not even the chain of events at issue here. It states that the relevant time period is between 2008-2015, a period that extends six years beyond the scope of the events at issue here. For all of the above reasons, the Court in its discretion **DENIES** Plaintiff's Motion for Leave to Amend the Complaint. (Doc. 234).

4.    **Plaintiff's Motion for a Combined Rule 50, 59, and 60(b) Motion (Doc. 235)**

As discussed above, Plaintiff's arguments pursuant to Rule 50 and 59 are untimely here. Therefore the Court will analysis the present motion only pursuant to Rule 60(b). Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." **Fed. R. Civ. P. 60(b)**. However, in contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b). **Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal.")**.

13

Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. **United States v. 8136 S. Dobson St., Chicago Ill., 125 F.3d 1076, 1082 (7th Cir. 1997)**.

Plaintiff argues that the jury instructions, which were filed on the docket on June 26, 2013, constitute newly discovered evidence. That is not true. Plaintiff's counsel submitted jury instructions and attended a jury instruction conference on his behalf. Plaintiff is bound by that conduct, and knowledge imputed to his counsel is also imputed to him. **Washington v. Parkinson, 737 F.3d 470, 473 (7th Cir. 2013)**. Therefore, from the Court's perspective, Plaintiff has always had knowledge of the jury instructions. Additionally, many of Plaintiff's arguments regarding the jury instructions were raised in his earlier motion. (Doc. 218). The Court referred to the jury instructions when analyzing that motion, so there has been no prejudice.

Plaintiff attached an affidavit wherein he argues that he recently discovered certain policies and that certain IDOC employees and contractors denied him care as recently as June 27, 2015. All of these factual allegations are irrelevant to the issues here. The only remaining claims in this case are deliberate indifference and retaliation against Ingram for conduct that occurred in August 2009. Plaintiff cannot raise his subsequent prison experiences here. He does not have a current claim based on the institution's or its contractor's policies and procedures. These allegations, and the evidence Plaintiff has submitted in support of them, are all irrelevant.

Plaintiff argues periodically that his attorney either agreed with certain decisions Plaintiff now challenges or that he failed to make an objection. Essentially, Plaintiff is making an ineffective assistance of counsel argument. However, there is no constitutional right to effective assistance of counsel in a civil case and a retrial is not a proper remedy for defective representation in a civil case. **Stanciel v. Gramley, 267 F.3d 575, 581 (7th Cir. 2001)**. Plaintiff's counsel was not appointed so that Plaintiff could practice his case and then get a separate chance to re-litigate issues if things did

not go his way.  Plaintiff is bound by his counsel's decisions, regardless of whether, with the benefit of hindsight, he continues to agree with them.

The remainder of Plaintiff's arguments are similar to the arguments he raised in his previous motion.  Plaintiff makes several arguments that the jury drew unreasonable inferences, but in the absence of evidence supporting Plaintiff's fraud allegations, the Court will not disturb the jury verdict.  The jury's role is to make credibility determinations and draw all reasonable inferences.  That Plaintiff disagrees with the inferences they drew is not grounds for reversal.  The remainder of Plaintiff's arguments may be classified as legal arguments.  As discussed above, legal arguments are not an appropriate ground for a Rule 60(b) motion.  For all of the above reasons, Plaintiff's Motion is **DENIED**.  (Doc. 235).

### 5.      Motion for Access to the Law Library and Legal Material (Doc. 238)

On August 3, 2015, Plaintiff filed a Motion for Access to the Law Library and Legal Material.  (Doc. 238).  Plaintiff filed this Motion in all three of his currently pending cases, a practice not favored by the Court.  Defendant has not filed a response to this Motion, and the Motion is now ripe.  In this Motion, Plaintiff argues that the policies and procedures regarding law library access and writing materials at his home institution (Pickneyville) and his temporary institution (Stateville) are constitutionally inadequate, and requests that the Court order those institutions to permit Plaintiff access to his excess legal materials, provide free writing materials, and more access to the law library.  (Doc. 238).  Essentially, Plaintiff requests injunctive relief.

Injunctions are extraordinary equitable remedies that are to be granted in civil cases only when specific criteria are clearly met by the movant. ***Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).**  The plaintiff must show four elements for an injunction: (1) plaintiff is likely to succeed on the merits; (2) without an injunction irreparable harm against the plaintiff is likely; (3) the harm likely to be suffered by the plaintiff would be greater than the harm the injunction would inflict on

defendants; and (4) the injunction is in the public interest. *Id.* The greater the likelihood that the plaintiff will succeed on the merits of the case, the less significant the likely harm against the plaintiff must be in relation to the harm the defendant will likely suffer due to an injunction. *Id.* According to the Prison Litigation Reform Act (PLRA) injunctions in the prison context must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C.A. § 3626.** Courts may issue preliminary injunctions only on notice to the adverse party. **Fed. R. Civ. P. 65(a)(1)**.

Here, Plaintiff's does not identify a specific individual who is responsible for these alleged violations. Instead Plaintiff requests that the Court direct "IDOC staff" to do certain things. The Court has no idea who these people are, and there is no allegation that Ingram, a nurse at Centralia, is involved in any of this conduct. Therefore, Plaintiff seeks injunctive relief against those who are not a party to this case. Plaintiff is not entitled to equitable relief against non-defendants.

Even if the Court could identify a party against whom injunctive relief was sought, Plaintiff's sole remaining claims are against Ingram for deliberate indifference and retaliation. And Plaintiff has lost on those claims. A jury of his peers has determined that he is entitled to no relief, and thus there is no equitable relief that the Court could grant. Furthermore, Plaintiff has no claim for access to the law library present in this case. Plaintiff's motion is unrelated to this case. The merits of this case cannot be used to determine the likelihood of success on unrelated complaints. Failure to prove a likelihood of success on the merits is a failure to meet the threshold for a preliminary injunction. Accordingly, the undersigned **FINDS** that Plaintiff is not entitled to the injunctive relief that he seeks. (Doc. 238).

## CONCLUSION

Plaintiff's Motion for Combined Motion for Judgment as a Matter of Law is **MOOT** as it is superceded by the corrected version. (Doc. 214). Plaintiff's Second Motion for Judgment as a

Matter of Law is **DENIED** on the merits.  (Doc. 218).  Plaintiff's supplemental Motion for a New Trial is **DENIED**.  (Doc. 228).  Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED**.  (Doc. 234).    Plaintiff's Motion for Judgment as a Matter of Law is **DENIED**.  (Doc. 235).  Plaintiff's Motion for the Court to take Judicial notice of certain facts and notice for hearing is **GRANTED in part and DENIED in pat**.  (Doc. 236).  Plaintiff's Motion for Access to the Law Library is **DENIED**  (Doc. 238).

   **IT IS SO ORDERED**

   **DATED: September 29, 2015**      /s/ *Stephen C. Williams*
                      **STEPHEN C. WILLIAMS**
                      United States Magistrate Judge