IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN L. MERRITTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0871-SCW |
| | ) |
| STEPHANIE INGRAM | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a Bill of Costs (Doc. 251) filed by Defendant. As the prevailing party, Defendant requests that she be awarded costs pursuant to **28 U.S.C. § 1920** and **Fed. R. Civ. P. 54(d)(1)**. Defendant asks for costs in the amount of $2,221.48 for fees for copying and the deposition transcripts taken in preparation for this case. (Doc. 251). Plaintiff has filed an objection to Defendant's motion, (Docs. 256) arguing that the request is untimely, the costs are unreasonable, and he is indigent and should not have to pay.

**Fed.R.Civ.P. 54(d)(1)** provides that "costs-other than attorney's fees- should be allowed to the prevailing party." In the Seventh Circuit, "there is a heavy presumption in favor of awarding costs to the prevailing party." *Majeske v. City of Chicago*, **218 F.3d 816, 824 (7th Cir. 2000)**. "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined- the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Industries Company, Ltd.,* **126 F.3d 926, 945 (7th Cir. 1997)**. However, the Seventh Circuit recognizes the court may, in its discretion, deny costs where the losing party is indigent. *Rivera v. City of Chicago*, **469 F.3d 631, 635 (7th Cir. 2006)**. The burden is on the losing party to show that they are incapable of paying costs. *Id.*

Costs do not include all litigation expenses. Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Hairline Creations, Inc. v. Kefalas,* 664 F.2d 652, 655 (7th Cir. 1981). 28 U.S.C. § 1920 sets forth the categories of expenses which properly may be taxed, including:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title:

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

28 U.S.C. § 1821 spells out the precise amounts recoverable by witnesses ($40 per day for each day's attendance fees plus certain travel expenses). Expenses not on the statutory list must be borne by the party incurring them. *Collins v. Gorman,* 96 F.3d 1057, 1057 (7th Cir. 1998).

Plaintiff first argues that the bill of costs is untimely. However, Fed. R. Civ. P. 54(d) does not impose a time limit for filing a bill of costs, unless such a time is set by local rule. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 221

(7th Cir. 1988). Here, the Southern District has no such local rule, and the bill of costs is therefore timely filed.

Plaintiff also argues that the copying done by Ingram was unreasonable, does not explain why or how. This case put Plaintiff's medical condition at issue, which required Plaintiff's medical records to be produced throughout the course of this litigation. Additionally, Plaintiff requested many policy documents in discovery, which the Court appointed any attorney to ultimately help Plaintiff acquire. Defendant is entitled to make copies of documents produced to Plaintiff and Plaintiff aggressively pursued written discovery here. He cannot now complain that the amount of copying costs is high. The only unreasonable cost on Defendant's bill of costs is that it appears that Defendant paid more than the statutory per diem of $40 in witness fees. There is also no explanation for the overage. The Court therefore deducts $57.50 from the bill of costs.

Plaintiff argues that he should not have to pay the costs for depositions and copies because he cannot afford the costs (Doc. 256). The Court recognizes its discretion to decline an award of costs based upon the indigence of a party against whom costs are sought. *See Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). To consider the indigence exception, the Court must conduct a two-step analysis: (1) the Court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future"; and (2) the Court "should consider the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by [the] case." *Id.* at 635. The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Plaintiff argues that he should not have to pay the costs for depositions because he is indigent and cannot currently afford the costs. (Doc. 256). He also argues that he has no imminent ability to pay the costs as a prisoner. (Doc. 256). However, the Court finds that this is not sufficient to meet Plaintiff's threshold burden. While Plaintiff did obtain in forma pauperis status to pursue this case, Plaintiff's trust fund statement (Doc. 257, p. 9-12), indicates that he has a positive trust fund balance and that he regularly receives payments from outside the prison in amounts ranging from $50 to $200. Thus, the Court finds that Plaintiff has not met his burden of showing his inability to pay the costs over time in the future.

The Court finds that Plaintiff's Objection is unfounded and **DENIES** the objection. (Doc. 256). The Court **DIRECTS** the Clerk of Court to tax of total of $2,163.98 against Plaintiff and in favor of Defendant Ingram

**IT IS SO ORDERED.**

DATED: November 3, 2015.

/s/   Stephen C. Williams
**STEPHEN C. WILLIAMS**
United States Magistrate Judge